John R. BIRDSONG, et al., Plaintiffs,

v.

Lyndon OLSON, Jr., James L. Nelson, and David H. Thornberry, as Commissioners of the Texas State Board of Insurance; Ann Richards, as State Treasurer of Texas; and Jim Mattox, as Attorney General of Texas, Defendants.

AMERICAN AIRLINES, INC., et al., Plaintiffs,

v.

Doyce R. LEE, Commissioner of the Texas State Board of Insurance, Defendant.

Dan HARDING, as Plan Administrator of the Texas Children's Hospital Health and Dental Plan, Texas Children's Hospital, as the Sponsoring Employer and as a Fiduciary of the Mentioned Plan; Mark Hansen, as a Participant In the Mentioned Plan, Plaintiffs,

v.

Edwin J. SMITH, Jr., James L. Nelson, and David H. Thornberry, as Commissioners of the Texas State Board of Insurance; Ann Richards, as State Treasurer of Texas; and Jim Mattox, as Attorney General of Texas, Defendants.

Civ. A. Nos. A–88–CA–185, A–88–CA–186 and A–88–CA–239.

United States District Court,
W.D. Texas,
Austin Division.

Feb. 28, 1989.

Plan Adm'r of the Texas Children's Hosp. Health and Dental Plan, Texas Children's Hosp., as the Sponsoring Employer and as a Fiduciary of the Mentioned Plan, Mark Hansen, as a Participant in the Mentioned Plan.

Marianne S. Dwight, Donald G. Barlow, Atty. Gen.'s Office, Austin, Tex., for defendant Edwin J. Smith, Jr. (defendant Edwin J. Smith, Jr. was substituted in for Lyndon Olson, Jr. before the Court rendered its opinion), as com'rs of the Texas State Bd. of Ins.

Sammie K. Glasco, Marianne S. Dwight, Donald G. Barlow, Texas Atty. Gen.'s Office, Austin, Tex., for defendants James L. Nelson, David H. Thornberry, Doyce R. Lee, as com'rs of the Texas State Bd. of Ins.

Sammie K. Glasco, Marianne S. Dwight, Texas Atty. Gen.'s Office, Austin, Tex., for defendant Ann Richards, as State Treasurer of Texas.

Sammie K. Glasco, Marianne S. Dwight, Texas Atty. Gen.'s Office, Austin, Tex., for defendant Jim Mattox, as Atty. Gen. of Texas,

Richard W. Alexander, Johnson & Swanson, Austin, Tex., Carl L. Taylor, Carol A. De Deo, Johnson & Swanson, Washington, D.C., William B. McClure, Jr., Sherri Turner Alexander, Johnson & Swanson, Dallas, Tex., for plaintiffs American Airlines, Inc., Atlantic Richfield Co., Austin Industries, Inc., Compaq Computer Corp., Exxon Corp., GTE Products Corporation, on behalf of itself and its affiliates GTE Communication Systems Corp., GTE Data Services Inc., GTE Directories Corp., GTE Leasing Corp., GTE Mobilnet Service Corp., GTE Service Corp., GTE Southwest Inc., Incarnate Word Health Services, Pennzoil Co., Recognition Equipment Inc., Southland Corp., Southwestern Bell Corp. on behalf of itself and its subsidiaries Southwestern Bell Corp., Southwestern Bell Mobile Systems, Inc., Southwestern Bell Publications, Inc., Southwestern Bell Telecommunications, Inc., Southwestern Bell Telephone Co., Metromedia Paging Services, Inc., Ten-

---

Harry M. Reasoner, W. Carl Jordan, Gary P. Amaon, Brian R. Bloom, Vinson & Elkins, Houston, Tex., for plaintiffs John R. Birdsong, James R. Flow, Karen S. Stuart, Jack R. Skinner, Kay McInnish, Joseph M. Stevens, as trustees of the Halliburton Co. Employees' Trust.

Harry M. Reasoner, W. Carl Jordan, Gary P. Amaon, Brian R. Bloom, Vinson & Elkins, Houston, Tex., for plaintiffs Clell C. Young, T. M. McCallum, Larry Bennett, along with other named plaintiffs, as members of various of the administrative committees of the Halliburton Medical and Dental Plans, the Halliburton Co. Retiree Medical Plan and the Brown & Root Group Health Plan.

Harry M. Reasoner, W. Carl Jordan, Gary P. Amaon, Brian R. Bloom, Vinson & Elkins, Houston, Tex., for plaintiffs Halliburton Co., Brown & Root, Inc., Otis Engineering Corporation, Highlands Ins. Co., Life Ins. Co. of the Southwest, Jet Research Corp., Howard Smith Screen Co., as sponsoring employers and fiduciaries of the mentioned plans.

Harry M. Reasoner, W. Carl Jordan, Gary P. Amaon, Brian R. Bloom, Vinson & Elkins, Houston, Tex., for Susan Keith, Christopher D. Thompson, Harry P. Hutchens, as participants in the mentioned plans.

Harry M. Reasoner, W. Carl Jordan, Gary P. Amaon, Vinson & Elkins, Houston, Tex., Richard D. Milvenan, Vinson & Elkins, Austin, Tex., for Dan Harding, as

neco Management Co., Tennessee Gas Pipeline Co., Texas Instruments Inc.

## ORDER

NOWLIN, District Judge.

Before the Court are the following Motions for Summary Judgment filed prior to consolidation of these twelve cases: (1) Plaintiffs' May 6, 1988 Motion for Summary Judgment filed in *American Airlines, Inc., et al. v. Doyce R. Lee*, Cause No. A–88–CA–186; (2) Plaintiffs' May 31, 1988 Motion for Summary Judgment filed in *John R. Birdsong, et al. v. Edwin J. Smith, Jr., et al.*, Cause No. A–88–CA–185; and (3) Plaintiffs' June 6, 1988 Motion for Summary Judgment filed in *Dan Harding, as Plan Administrator of the Texas Children's Hospital Health and Dental Plan, et al. v. Edwin J. Smith, Jr., et al.*, Cause No. A–88–CA–239. The only response filed to any of these motions was Defendant Doyce R. Lee's May 20, 1988 response to the *American Airlines* motion. No other Defendant has filed a response.

Subject to various exceptions and objections no longer relevant, Defendant Lee requests without elaboration that the motion for summary judgment be overruled because there are genuine issues of material fact, and because Plaintiffs are not entitled to judgment as a matter of law. Defendant notes that he has a motion pending to supplement his response. Despite this motion having been granted on August 17, 1988, Defendant has never filed a supplemental response. Defendant also states that he specifically reserved the right to submit controverting affidavits and other evidence in opposition to Plaintiffs' summary judgment motion prior to hearing. The Court is not obligated to hold a hearing on this motion, and will not do so. Despite Defendant's indication that he might file controverting affidavits and evidence, he has completely failed to do so. The only time any Defendant has addressed the preemption question raised by Plaintiffs' motions is in Doyce Lee's April 29, 1988 Response to Plaintiff's Verified Motion for Leave for Employee Benefit Plans to Deposit Taxes in Court. ("Defendant Lee's April 29, 1988 Response.") The Court is therefore left with little guidance from Defendants as to why summary judgment is inappropriate and what genuine issues of material fact exist.

Plaintiffs in the following pre-consolidation cases have not filed motions for summary judgment: (1) *Texas LP–Gas Master Insurance Trust, et al. v. Edwin J. Smith, Jr., as a Member of the Texas State Board of Insurance, et al.*, Cause No. A–88–CA–214; (2) *Sysco Corp. v. Doyce R. Lee, et al.*, Cause No. A–88–CA–404; (3) *Kaneb Services, Inc. v. Doyce R. Lee, et al.*, Cause No. A–88–CA–405; (4) *Associated General Contractors of Texas Group Insurance Trust, et al. v. Doyce R. Lee, et al.*, Cause No. A–88–CA–406; (5) *Fulbright & Jaworski v. Doyce R. Lee, et al.*, Cause No. A–88–CA–407; (6) *Uniroyal Goodrich Tire Co., et al. v. Doyce R. Lee, et al.*, Cause No. A–88–CA–408; (7) *Provident Life & Accident Insurance Co. v. Edwin J. Smith, Jr., et al.*, Cause No. A–88–CA–411; (8) *The LTV Corp., et al. v. Edwin J. Smith, Jr., et al.*, Cause No. A–88–CA–517; and (9) *Smith Industries, Inc. v. Doyce R. Lee, et al.*, Cause No. A–88–CA–625. Accordingly, there is no summary judgment evidence regarding these Plaintiffs' status as employee welfare benefit plans, their fiduciaries and/or participants within the meaning of ERISA. Neither is there any evidence whether Plaintiffs or the plans which they sponsor or participate in are insured or self-insured in whole or in part. The Court therefore cannot render summary judgment in favor of the Plaintiffs in these pre-consolidation cases, even though the legal conclusions reached in this opinion would apply to Plaintiffs who have not moved for summary judgment in the same manner as they apply to the moving Plaintiffs.

## I. STANDARD OF REVIEW

The Court may only grant summary judgment under Federal Rule of Civil Procedure 56(c) if the record reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,*

477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. *Pharo v. Smith,* 621 F.2d 656, 664 (5th Cir.1980).

## II. FINDINGS OF FACT

The following facts are not in dispute. The Plaintiffs in the pre-consolidation cases *Birdsong v. Smith,* Cause No. A–88–CA–185; *American Airlines, Inc. v. Lee,* Cause No. A–88–CA–186; and *Harding v. Smith,* Cause No. A–88–CA–239 are fiduciaries of and participants in employee welfare benefit plans within the meaning of ERISA. The fiduciaries include the plans' sponsoring employers, members of administrative committees of the plans, plan administrators, and trustees. The plans themselves are not parties.

A trust (the Halliburton Company Employees' Trust) and a plan (the Brown & Root Plan) related to *Birdsong* Plaintiffs both entered into contractual agreements with the Health Economics Corp. ("HEC"), pursuant to which HEC provides certain management, claims processing and other administrative services for the plans. HEC is not an insurer. The contract between HEC and the trust provides that the trust will pay HEC the amount of tax due under ASTA, and that HEC will remit this money to the State Board of Insurance. The contract between HEC and the plan provides that the plan will remit the ASTA tax directly to the State Board of Insurance. The contracts both provide for the indemnification of HEC for any liabilities it may incur under ASTA in connection with the services it renders. The plans which the *Birdsong* Plaintiffs are fiduciaries of or participants in do not have any insurance for the purpose of providing benefits to the participants.

The *Harding* Plaintiff employer has a similar contractual agreement with the Prudential Insurance Co. of America, under which Prudential provides certain management, claims processing, and other adminis- trative services for an employee welfare benefit plan. Prudential is an insurer. The contract provides for the indemnification of Prudential for any expenses and liabilities it may have as a result of the services it provides, including taxes based upon claim payments under the plan. The *Harding* Plaintiffs are primarily non-insured in that benefits are funded through contributions by the employer and the employee participants. In addition, "stop-loss" or excess coverage insurance has been purchased to cover the payment of benefits which exceed certain specified levels.

The *American Airlines* Plaintiffs are all employers that sponsor employee welfare benefit plans within the meaning of ERISA. The benefit plans sponsored by Plaintiffs are self-insured in whole or in part. Most of the twelve *American Airlines* Plaintiffs are completely self-insured in all of their plans. However, the following Plaitniffs are self-insured up to various dollar amounts, and are insured beyond that amount: Exxon Corporation (but only in relation to the Marketer's Medical Plan in the Exxon Marketer's Medical Program); GTE Products Corporation; Incarnate Word Health Services and its subsidiaries (but only in relation to its medical plans); and Recognition Equipment Inc. (but only in relation to the Recognition Equipment Inc. Group Medical Plan, and the Recognition Bene/Flex Plan's life, accident, disability, legal and HMO benefits). The plans receive funds from Plaintiffs from which the plans pay compensation for administrative services performed and from which they pay claims and benefits. There is no evidence whether the providers of administrative services to these Plaintiffs are insurers or not.

## III. CONCLUSIONS OF LAW

This is a consolidated action for declaratory, injunctive and other equitable relief arising under Section 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(3), and the United States Constitution. As previously noted, Plaintiffs

herein are fiduciaries and participants in employee welfare benefit plans within the meaning of ERISA. *See* 29 U.S.C. §§ 1002(1), (7) and 21(A). Defendants are officials of the State of Texas who are charged with enforcing Article 4.11A of the Texas Insurance Code, also known as the Administrative Services Tax Act ("ASTA"). *See* TEX.INS.CODE ANN. art. 4.11A (Vernon Supp.1988).

Plaintiffs allege that ASTA and the Emergency Rule implementing ASTA, *see* State Bd. of Insurance, 13 Tex.Reg. 944–47 (1988) (prop. to be codified at 28 TEX.ADMIN.CODE §§ 7.1701–.1711), are preempted by Section 514 of ERISA, and that they violate the Supremacy Clause of Article VI of the United States Constitution. Plaintiffs also seek return of taxes that have already been paid. In denying Defendants' various motions to dismiss in November of 1988, the Court has already determined that the Tax Injunction Act, 28 U.S.C. § 1341, does not bar this action. Accordingly, the Court will move on to Plaintiffs' claims of preemption, hampered as it is by Defendants' failure to fully brief the issue.

Section 1 of ASTA imposes an annual tax on the gross amount of administrative or service fees received by insurance carriers, and Section 2 imposes a like tax on certain persons. These persons include:

Each person, except an insurance carrier subject to Section 1 of this article, receiving any form of administrative or service fee, consideration, payment, premium, fund, reimbursement, or compensation for performing or providing any service, function, or duty, or acting in any administrative, clerical, management, advisory, or technical capacity, or providing any claims or expense review, service, administration, management, payment, indemnification, or reimbursement, under an administrative service contract ... relating to any employer-employee, multiple employer-employee, self-insurance group, member, or other medical, accident, sickness, injury, indemnity, death, or health benefit plan, including but not limited to any medical, surgical, orthopedic, chiropractic, physical therapy, speech pathology, audiology, mental

health, dental, hospital, workers' compensation, optometric, or health maintenance organization plan or program, ...

Section 2, ASTA. The plans contemplated in Sections 1 and 2 of ASTA are virtually identical to those covered by ERISA. *See* 29 U.S.C. § 1002(1). "Gross amount of administrative or service fee" is defined by Section 3(2) of ASTA to include:

(A) the total gross amount of all consideration, fees, payments, reimbursements, and all compensation received by the carrier or other person during the taxable year for each and every kind of such service, activity, or function described either in Section 1 or Section 2 of this article; and

(B) the total amount of all claims and benefits paid to or on behalf of employers, multiple employers, employees, unions, beneficiaries, trusts, members, spouses, dependents, or other persons under a plan described in either Section 1 or Section 2 of this article.

Section 4(a) sets this annual tax at 2.5% of the gross amount of administrative or service fees respecting the person. Section 4(c) holds the plans referred to in Section 2 liable for the tax to the extent that the person liable does not pay it. Sections 4(a), (c), and (d) recite that the person or plan are not liable for the tax to the extent that its collection or retention is preempted by federal law. These subsections suggest that Texas lawmakers understood that they were encroaching on, and perhaps trespassing on, ERISA's territory in enacting ASTA.

The Supremacy Clause of Article VI of the United States Constitution authorizes Congress to preempt state laws. *See Louisiana Public Service Comm'n v. Federal Communications Comm'n,* 476 U.S. 355, 368, 106 S.Ct. 1890, 1898, 90 L.Ed.2d 369 (1986). In deciding whether a federal law preempts a state statute, a court must ascertain Congress' intent in enacting the federal law. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 95, 103 S.Ct. 2890, 2898, 77 L.Ed.2d 490 (1983). Section 514(a) of ERISA, 29 U.S.C. § 1144(a), provides:

Except as provided in subsection (b) of this section [the saving clause], the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

The Supreme Court has pronounced that courts must give effect to the plain language of ERISA's preemption clause unless there is good cause to believe that Congress intended the language to have some more restructive meaning. *Shaw,* 463 U.S. at 97, 103 S.Ct. at 2900.

The language of the ERISA preemption provision is "deliberately expansive," and is designed to establish employee benefit plan regulation as a matter exclusively of federal concern. *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987). The Supreme Court has concluded that the preemptive scope of ERISA is as broad as its language and is "intended to apply in its broadest sense to all actions of State or local governments which have the force of law." *Pilot Life,* 107 S.Ct. at 1552 (quoting Senator Williams, 120 CONG.REC. 29,933 (1974), cited in *Shaw,* 463 U.S. at 98–99, 103 S.Ct. at 2900–2901). The Supreme Court has further proclaimed that the term "relate to" should be given its broadest common sense meaning, such that "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw,* 463 U.S. at 96–97, 103 S.Ct. at 2900. The Supreme Court has also held that ERISA preempts state laws that have only collateral or indirect effects on employee benefit plans. *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 525, 101 S.Ct. 1895, 1907, 68 L.Ed.2d 402 (1981).

In briefing related to motions for injunctive relief and motions to dismiss, Plaintiffs and Defendants have vociferously argued over the identity of the ASTA taxpayer. Plaintiffs contend that the taxpayer is either the employee welfare benefit plan or someone in contractual privity with the plan. Defendants contend that the taxpay-

er is the first administrator, citing 28 TEX. ADMIN.CODE § 7.1704(a). The Court believes this issue need not be resolved, as the proper inquiry is whether the tax relates to employee welfare benefit plans, and if so, whether the state tax relates to insurance regulation excepting it from ERISA preemption.

■ At least two district courts have held that ERISA's preemptive effect applies to state tax laws. *See Northwest Airlines, Inc. v. Roemer,* 603 F.Supp. 7 (D.Minn.1984); *National Carriers' Conference Comm. v. Heffernan,* 454 F.Supp. 914 (D.Conn.1978). *Heffernan* points out that when ERISA was first enacted in 1974, Congress rejected a request by the Secretaries of Labor and Treasury to exclude state tax laws from preemption. *Heffernan,* 454 F.Supp. at 917. *Roemer* discusses Congress' 1983 decision not to exempt state taxation from ERISA's preemption provision. *Roemer,* 603 F.Supp. at 12. Pursuant to its 1983 amendment, 29 U.S.C. § 1144(b)(5)(B)(i) provides that "[n]othing in subparagraph (A) shall be construed to exempt from [the preemption clause]—any State tax law relating to employee benefit plans." In addition, the House Conference Report stated that "preemption is continued with respect to ... any State tax law relating to employee benefit plans...." H.R.REP. NO. 984, 97th Cong., 2d Sess. 18, *reprinted in* 1982 U.S.CODE CONG. & AD.NEWS 4603. The Court therefore finds that Congress has expressly indicated that state tax laws related to employee welfare benefit plans are preempted. The Court thus turns to consideration whether ASTA "relates to" ERISA plans.

Plaintiffs argue that ASTA "relates to" ERISA plans in two ways: (1) ASTA imposes an administrative services tax on persons in contractual privity with employee benefit plans based on services which these persons provide the plans; and (2) computation of the tax is based on plan disbursements including total claims and benefits paid by the service provider on behalf of the plan.

The Ninth Circuit faced a question similar to the one posed in these consolidated cases when rendering its opinion in *General Motors Corp. v. California State Board of Equalization*, 815 F.2d 1305 (9th Cir. 1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1122, 99 L.Ed.2d 282 (1988). The Ninth Circuit considered whether ERISA preempts a premiums tax assessed against insurance companies and calculated, in part, with reference to benefits paid by ERISA covered plans. The Court ruled:

> The [Supreme] Court's broad reading of the preemption clause leads us to conclude that the tax at issue 'relate[s] to' benefit plans. The tax is computed on the basis of benefits paid by the plans; reference to plan activities in computing the tax is unavoidable. In its broadest sense, therefore ERISA applies, and further analysis is required.

> We realize that the preemption clause is not all encompassing, ... and that state laws may affect benefit plans in 'too tenuous, remote, or peripheral a manner' to justify preemption, *Shaw*, 463 U.S. at 100 n. 21 [103 S.Ct. at 2901 n. 21].... Nevertheless, we conclude that the explicit use of plan payments in calculating the tax satisfies the modest requirements for bringing the [preemption] clause into play.

*Id.* at 1309 (citations omitted). After application of ERISA's saving clause, the Ninth Circuit held that California's tax was not preempted because it was "intimately associated" with the business of insurance. *Id.* at 1310. A discussion of the saving clause's application to ASTA is below.

The Sixth Circuit tangentially considered the same issue in *Firestone Tire & Rubber Co. v. Neusser*, 810 F.2d 550 (6th Cir.1987). The Sixth Circuit upheld a municipal income tax imposed on all employees without regard to their status as ERISA participants. The Court reasoned that because the tax was imposed on all employee earnings, it was not connected to or related to benefit plans. The Court noted, however, that there was a clear line between such a general tax and one imposed with reference to benefit plan contributions. *Id.* at 556.

As noted in the quotation from *General Motors*, the Supreme Court has suggested that "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw*, 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21. In *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enterprises, Inc.*, 793 F.2d 1456, 1465–68 (5th Cir.1986), *cert. denied*, 479 U.S. 1034, 107 S.Ct. 884, 93 L.Ed.2d 837 (1987), the Fifth Circuit reviewed different courts' tests for determining whether an action is too tenuous, remote or peripheral to warrant a finding of relation to. The Fifth Circuit noted that courts appeared to consider two principal factors. First, if the state law involves an area of traditional state authority, then courts are less likely to find relation to a benefit plan than if the state law involves an attempt to regulate an area not traditionally left to the states. Second, the Fifth Circuit found that courts are more likely to find that a state law relates to a benefit plan if the law affects relations among the principal ERISA entities—the employer, the plan, the plan fiduciaries, and the beneficiaries—than if it affects relations between one of these entities and an outside party, or between two outside parties with only an incidental effect on the plan. The Fifth Circuit was not convinced by the merits of the first factor and, therefore, relied on an analysis of the second.

Plaintiffs argue that ASTA will substantially impact relationships among benefit plans, sponsoring employers, and beneficiaries because the plans are funded by the employers and the participants. They contend that the tax will have the effect of increasing costs of funding the plans or of reducing the benefits provided. Not all laws that effect the costs of employee welfare benefit plans will be substantial enough to warrant a finding of relation to. However, a tax imposed on either the plans or their fiduciaries or administrators and calculated in part on the basis of benefits provided under the plans is not so remote, tenuous or peripheral to warrant a finding that the tax law relates to the plans. Ac-

cordingly, the Court concludes, based in part on the reasoning of *General Motors* and *Firestone Tire*, that ASTA relates to employee welfare benefit plans under ERISA.

In *General Motors*, fiduciaries of employee welfare plans within the meaning of ERISA funded plans which provided disability and health care benefits. The funding came both from company assets, as well as excess risk policies from an insurance company. California had enacted a tax on gross premiums received by insurance companies. To calculate the gross premiums received, state officials included both premiums the fiduciaries paid the insurance company, and benefits the fiduciaries paid employees under the plans. As previously stated, the Ninth Circuit held that the California tax law "related to" benefit plans. The Circuit then determined that the saving clause preserved the California tax from preemption. The Court noted that the tax was imposed on insurers and was calculated in terms of premiums, the traditional mode of payment for insurance services. While the tax was calculated with reference to benefit payments, the Circuit reasoned that these payments were used only as a means of capturing the total cost of the insurance provided, which was the amount the state sought to reach. The Court explained that total cost has two elements: net premium and loading. Net premium is the amount which, invested properly, will yield a fund sufficient to pay expected claims. Loading is the amount added to net premiums to cover administrative costs and compensation for assuming the risk. The Circuit equated the premium which the fiduciaries paid the insurance company with loading, and the benefits paid the employees with net premium.

■ Defendant Lee argues that ASTA is a tax imposed on the first party administrators who are performing insurance-related services in Texas. Defendant Lee contends that ASTA is calculated in terms of premiums as was the California tax in *General Motors*, arguing that the benefits and claims paid under the plans are equivalent to net premiums, and the administrative services fees are equivalent to loading. Therefore, Defendant Lee concludes that ASTA is not preempted by ERISA.

Without addressing the issue of upon whom the tax is imposed, the Court finds that Defendant Lee misconstrues the reasoning of *General Motors*. The Ninth Circuit concluded that the California tax was intimately associated with the business of insurance. The California tax was imposed on insurance companies which had issued excess risk policies to the fiduciaries; the tax was not imposed on the plans' fiduciaries or the plans themselves as it is under ASTA. The analogy Defendant Lee attempts to draw between the two taxes is not successful. It is true that both taxes are measured in part by the benefits paid under the plans, and that this amount is arguably the equivalent of net premium. However, the element which the Ninth Circuit found equivalent to loading in connection with the California tax is absent with ASTA. The Ninth Circuit found loading was the amount added to net premiums to cover administrative costs *and compensation for assuming the risk*. Defendant Lee argues that the administrative services fees are the loading factor in ASTA. However, the administrative services fees do not involve any compensation for assumption of risk because the person providing administrative services typically assumes no risk. As discussed earlier, ASTA in fact excludes from its coverage insurance premiums which are otherwise subject to taxation. In the insurance industry, premiums always include an amount for the assumption of risk because that is the essence of the trade. Accordingly, ASTA does not compute its tax in the traditional mode of payment for insurance services, and Defendant Lee's argument falls short.

■ No other defendant has discussed at any length how ASTA fits into ERISA's saving clause, 29 U.S.C. § 1144(b)(2)(A), which excepts from the scope of the preemption clause "any law of any State which regulates insurance, banking, or securities." In determining whether a state law is not preempted because of the saving clause, the Supreme Court has instructed

courts to consider both the common-sense view of the clause's words, and case law interpreting the "business of insurance" under the McCarran–Ferguson Act, 15 U.S. C. § 1011 *et seq. Pilot Life,* 107 S.Ct. at 1553. In determining whether ASTA "regulates insurance," the Court remains aware of ERISA's "deemer clause," 29 U.S.C. § 1144(b)(2)(B), which provides that employee benefit plans shall not be deemed to be insurance companies or engaged in the business of insurance for purposes of the saving clause. *See Moore v. Provident Life & Accident Insurance Co.,* 786 F.2d 922, 927 (9th Cir.1986). The Supreme Court has acknowledged that a distinction between insured and uninsured plans is created by the deemer clause; and that insured plans are open to indirect state regulation, but that uninsured plans may not be regulated by the states either directly or indirectly. *Metropolitan Life Insurance Co. v. Massachusetts,* 471 U.S. 724, 747, 105 S.Ct. 2380, 2393, 85 L.Ed.2d 728 (1985).

In *Pilot Life,* the Supreme Court instructed that:

> A common-sense view of the word 'regulates' would lead to the conclusion that in order to regulate insurance, a law must not just have an impact on the insurance industry, but be specifically directed toward that industry.

*Pilot Life,* 107 S.Ct. at 1554. ASTA is clearly imposed both on insurance carriers and persons who provide administrative services to benefit plans. Sections 1, 2, and 4(a), ASTA. Accordingly, it is evident that the tax is not specifically directed toward the insurance industry.

■ Secondly, insurance carriers are not engaged in the business of insurance when providing administrative services to ERISA plans when the administrator assumes no financial risk relating to benefit claims. *See Insurance Board Under the Social Insurance Plan of Bethlehem Steel Corp. v. Muir,* 819 F.2d 408, 411–13 (3d Cir.1987); *Moore,* 786 F.2d at 927; *Powell v. Chesapeake & Potomac Telephone Co.,* 780 F.2d 419, 423–24 (4th Cir.1985), *cert. denied,* 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 980

(1986). The moving Plaintiffs fall in two groups: (1) those who are completely self-insured; and (2) those who are self-insured to a certain point and insured beyond that. In the second group, some persons providing administrative services are insurers and others are not. The mere fact that the administrator engages in the business of insurance in other contexts does not affect the nature of the administrative services it provides to ERISA plans. As to those Plaintiffs who are self-insured to a point and have stop-loss or excess coverage insurance beyond that point, and who have plan administrators who are insurers, the Court finds that the involvement of the insurer does not mean that ASTA regulates insurance within the meaning of the saving clause.

Thirdly, ASTA and its implementing regulations expressly exempt insured benefits plans and any insured portions of benefits plans from the tax to the extent that they are subject to other taxation. Section 1 of ASTA states that:

> any portion of such plan for which premiums for insurance are received by the carrier and are otherwise subject to taxation by this state under Article 1.14–1, 1.14–2, 4.10, or 4.11, Insurance Code, or Section 33, Texas Health Maintenance Organization Act (Article 20A.33, Vernon's Texas Insurance Code),

are not subject to the tax. Section 2 has virtually identical language. Furthermore, the "gross amount of administrative or service fee," upon which the tax is imposed, is defined to exclude funds received for the payment of stop-loss or excess insurance premiums. State Bd. of Insurance, 13 Tex. Reg. 944 (1988) (prop. to be codified at 28 TEX.ADMIN.CODE § 7.1701).

Application of the McCarran–Ferguson Act "business of insurance" test to ASTA is no more favorable to Defendants. The Supreme Court has also given guidance on this point in *Pilot Life.* In determining whether a practice falls under the "business of insurance," the Court is to consider:

> first, whether the practice has the effect of transferring or spreading a policyhold-

er's risk; second, whether the practice is an integral part of the policy relationship between the insurer and the insured; and third, whether the practice is limited to entities within the insurance industry.

*Pilot Life*, 107 S.Ct. at 1553–54 (quoting *Union Labor Life Insurance Co. v. Pireno*, 458 U.S. 119, 129, 102 S.Ct. 3002, 3008, 73 L.Ed.2d 647 (1982)); *Metropolitan Life*, 471 U.S. at 743, 105 S.Ct. at 2391. While none of these criteria is necessarily determinative, *Union Labor*, 458 U.S. at 129, 102 S.Ct. at 3008, it is quite clear that when these questions are posed in relation to ASTA, the response is a consistent "no."

The Court is also led to a finding of preemption by the policy underlying ERISA's preemption clause. Congress made findings and declared the policy behind the enactment of ERISA in 29 U.S.C. § 1001. Congress believed that minimum standards were necessary to assure the equitable character of employee welfare benefit plans, as well as their financial soundness. While there has been much hubbub over whether the plans or the first administrators are the taxpayers under ASTA, it is the plans or their sponsors or participants that will eventually bear the burden of the tax, not the administrators. Tax measures which are aimed specifically at employer contributions do not differ in substance from taxes imposed on the income of such plans; and one should not escape preemption where the other would not. Unlike other forms of state regulation that may affect the costs of these plans in an incidental fashion, state taxation directly depletes the funds otherwise available for providing benefits. To permit this to occur would fly in the face of ERISA's goal of assuring the financial soundness of such plans.

In conclusion, the Court finds that the Administrative Services Tax Act imposes a tax that clearly relates to ERISA-covered employee welfare benefit plans, and that the tax is preempted by ERISA. The Court finds that there are no genuine issues of material fact and that the moving Plaintiffs are entitled to judgment as a matter of law.

The Court has already determined that the Eleventh Amendment of the United States Constitution does not prohibit the return to Plaintiffs of taxes paid under ASTA. Plaintiffs have not provided any authority for the award of interest on the taxes to be returned, so it will not be awarded at this time. The Court will consider any application for attorneys' fees and costs which Plaintiffs may file, but states no opinion whether assessment of fees and costs is authorized or appropriate in this consolidated case.

ACCORDINGLY, IT IS ORDERED that Plaintiffs' Motions for Summary Judgment filed in pre-consolidation cases *John R. Birdsong, et al. v. Edwin J. Smith, Jr.*, Cause No. A–88–CA–185; *American Airlines, Inc., et al. v. Doyce R. Lee*, Cause No. A–88–CA–186; and *Dan Harding as Plan Administrator of the Texas Children's Hospital Health and Dental Plan, et al. v. Edwin J. Smith, Jr., et al.*, Cause No. A–88–CA–239 are GRANTED; and that judgment is hereby entered in favor of Plaintiffs in these pre-consolidation cases.

IT IS FURTHER ORDERED that Article 4.11A of the Texas Insurance Code, also known as the Administrative Services Tax Act, is null and void under the Supremacy Clause of the United States Constitution to the extent that it imposes a tax on any ERISA-covered employee welfare benefit plan or any such plan's sponsoring employers, fiduciaries, employee participants, or administrative service providers, including the Plaintiffs moving for summary judgment in this action.

IT IS FURTHER ORDERED that Defendants and their agents are enjoined from seeking, directly or indirectly, to collect from any of the Plaintiffs moving for summary judgment, employee welfare benefit plans for which these Plaintiffs serve as fiduciaries or sponsors, employee participants, or their administrative service providers, the tax or any portion thereof imposed by Article 4.11A, and from attempting to enforce the provisions, directly or indirectly, of Article 4.11A, including but not limited to the commencement of any

administrative or judicial proceedings related to Article 4.11A.

IT IS FURTHER ORDERED that Defendants shall return all tax payments and estimated tax payments made under Article 4.11A to Plaintiffs in the pre-consolidation cases *John R. Birdsong, et al. v. Edwin J. Smith, Jr., et al*, Cause No. A–88–CA–185; *American Airlines, Inc., et al. v. Doyce R. Lee,* Cause No. A–88–CA–186; and *Dan Harding as Plan Administrator of the Texas Children's Hospital Health and Dental Plan, et al. v. Edwin J. Smith, Jr., et al.,* Cause No. A–88–CA–239, and the employee welfare benefit plans for which they serve as fiduciaries or sponsors or in which they participate, or their administrative service providers, pursuant to Article 4.11A.

IT IS FURTHER ORDERED that the nine cases in which motions for summary judgment were not filed are severed from this consolidated action, and shall proceed under *Texas LP–Gas Master Insurance Trust, et al. v. Edwin J. Smith, Jr., as a Member of the Texas State Board of Insurance, et al.,* Cause No. A–88–CA–214. These cases were originally filed under the following styles and case numbers: (1) *Texas LP–Gas Master Insurance Trust, et al. v. Edwin J. Smith, Jr., as a Member of the Texas State Board of Insurance, et al.,* Cause No. A–88–CA–214; (2) *Sysco Corp. v. Doyce R. Lee, et al.,* Cause No. A–88–CA–404; (3) *Kaneb Services, Inc. v. Doyce R. Lee, et al.,* Cause No. A–88–CA–405; (4) *Associated General Contractors of Texas Group Insurance Trust, et al. v. Doyce R. Lee, et al.,* Cause No. A–88–CA–406; (5) *Fulbright & Jaworski v. Doyce R. Lee, et al.,* Cause No. A–88–CA–407; (6) *Uniroyal Goodrich Tire Co., et al. v. Doyce R. Lee, et al.,* Cause No. A–88–CA–408; (7) *Provident Life & Accident Insurance Co. v. Edwin J. Smith, Jr., et al.,* Cause No. A–88–CA–411; (8) *The LTV Corp., et al. v. Edwin J. Smith, Jr., et al.,* Cause No. A–88–CA–517; and (9) *Smith Industries, Inc. v. Doyce R. Lee, et al.,* Cause No. A–88–CA–625.

IT IS FURTHER ORDERED that final judgment shall be entered in favor of the Plaintiffs in the pre-consolidation cases *John R. Birdsong, et al. v. Edwin J. Smith, Jr., et al.,* Cause No. A–88–CA–185; *American Airlines, Inc., et al. v. Doyce R. Lee,* Cause No. A–88–CA–186; and *Dan Harding, as Plan Administrator of the Texas Children's Hospital Health and Dental Plan, et al. v. Edwin J. Smith, Jr., et al.,* Cause No. A–88–CA–239.